IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN WATERMAN,**

    **Plaintiff,**

v.                                                           **CASE NO. 24-3168-JWL**

**DAWN AKLEY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Brian Waterman, a state prisoner currently incarcerated at the Cherokee County Jail in Columbus, Kansas ("CCJ"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He names as Defendants registered nurse Dawn Akley, Captain Michelle Tippie, and Lieutenant April Macafee, all of whom work at the CCJ. (Doc. 1, p. 1-3.) With his complaint, he has filed a motion for leave to proceed in forma pauperis.[1] (Doc. 2.)

Plaintiff alleges in his complaint that another inmate also housed in A Unit of the CCJ refuses to shower and yet he lays on the communal pod tables, where other inmates eat, write, and play cards; the inmate's refusal to shower also creates an unpleasant smell in Unit A. (Doc. 1, p. 4-6.) Plaintiff further asserts that Defendants have said that the inmate does not have to shower, despite a CCJ rule to the contrary. *Id.* at 4. Moreover, Defendants told Plaintiff that the grievances he filed regarding the unsanitary conditions caused by this inmate are not valid and Plaintiff's requests to be moved to another unit have been denied. *Id.* Plaintiff alleges that he now has "scabbies [*sic*] or another skin infection" because of the other inmate, resulting in scabs on Plaintiff's "hands from scratching" because his "head, face, arms, [and] legs itch." *Id.* Plaintiff put

---

[1] Plaintiff did not provide the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). (Doc. 2.)

in a medical request on September 11, 2024 regarding a rash, but the nurse refused to see him. *Id*. As relief, Plaintiff seeks monetary damages and injunctive relief. *Id.* at 8.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may proceed in forma pauperis only if he establishes that he faces a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

---

[2] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

The Court has examined the complaint and finds no showing of imminent danger of serious physical injury. Although the Court's independent research has not revealed controlling precedent from the Tenth Circuit, multiple federal district courts have agreed that an itchy rash by itself is not the type of serious physical injury required in this context. *See, e.g., Simpson v. Pramstaller*, 2010 WL 1433409, *3 (W.D. Mich. March 31, 2010) (unpublished) ("Plaintiff's alleged serious physical injury is a skin rash that, while irritating and uncomfortable at times, falls short of the sort of conditions that threaten serious harm or death . . . ."); *see also McGhee v. Escambia County*, 2021 WL 640248, *3 (N.D. Fla. Jan. 15, 2021) (unpublished) (complaint about a rash does "not rise to the level of a serious physical injury); *Randle v. Pulaski County*, 2020 WL 7078333, *2 (E.D. Ark. Oct. 19, 2020) ("Even assuming Plaintiff's skin itched and he suffered a breakout, I cannot find imminent danger of serious physical harm."); *Daker v. Dozier*, 2019 WL 1529514, *4 (S.D. Ga. April 9, 2019) ("[A] skin rash lasting slightly over a week is not a serious physical injury."); *Cromer v. Stephan*, 2019 WL 1109760, *3 (W.D. Mich. March 11, 2019) (unpublished) (Plaintiff "has not alleged an imminent danger of serious physical injury. Rashes, sore gums, dry skin, and headaches resulting from a lack of hygiene items are simply not enough"); *Thompson v. Paleka*, 2017 WL 5309608, *2 (D. Haw. Nov. 13, 2017) (finding that allegation that prisoner "contracted the rash from a dirty shower" was not enough to show imminent danger of serious physical injury).

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. If

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

he fails to pay the full fee within the prescribed time, the complaint will be dismissed for failure to pay the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.** Plaintiff is granted until and including **October 25, 2024,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated September 25, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
UNITED STATES DISTRICT JUDGE